UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

STACY PATRICK                                         CIVIL ACTION NO. 18-0738

VERSUS                                                JUDGE DONALD E. WALTER

WALMART, INC.                                         MAGISTRATE JUDGE HAYES

_____

**MEMORANDUM ORDER**

Before the Court is a "Motion to Reconsider Summary Judgment FRCP Rule 59(e) and Rule 60(b) and Motion to Re-Open Discovery" filed by the Plaintiff, Stacy Patrick ("Patrick"). See Record Document 43. The Defendant, Walmart Inc. ("Walmart"), opposes Plaintiff's motion. See Record Document 47.

On February 24, 2020, the Court issued a Memorandum Ruling and Judgment granting summary judgment in favor of Walmart and dismissing Plaintiff's claims of discrimination and retaliation under Title VII. The Court previously provided a lengthy discussion of the facts surrounding this case in its prior ruling and will refrain from doing so again in this ruling. See Record Document 41.

Federal Rules of Civil Procedure "59(e) and 60(b) permit the same relief – a change in the judgment." Williams v. Thaler, 602 F.3d 291, 303 (5th Cir. 2010). A motion requesting a change in a judgment is properly analyzed under Rule 59(e) rather than 60(b) when it is filed within 28 days from the entry of judgment. See id.; Davis v. Mid State Homes, No. 17-1566, 2019 WL 2621808, *1 (W.D. La. June 25, 2019). Plaintiff's motion was filed exactly 28 days after the entry of judgment and will therefore be analyzed under Rule 59(e).

"A Rule 59(e) motion calls into question the correctness of a judgment." Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004). In general, a motion to alter or amend a judgment under Rule 59(e) may be granted: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. See Hill v. Kervin, No. 08-0272-P, 2009 WL 2254295, at *1 (W.D. La. July 28, 2009) (citing In the Matter of Self, 172 F.Supp.2d 813, 816 (W.D. La. 2001)). The granting of a Rule 59(e) motion is "an extraordinary remedy that should be used sparingly." Templet, 367 F.3d at 479. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." Jena Band of Choctaw Indians v. Tri-Millennium Corp., Inc., No. 98-0829, 2006 WL 51130, at *1 (W.D. La. Jan. 9, 2006) (citing Mongrue v. Monsanto Co., 249 F.3d 422, 427-28 (5th Cir. 2001)).

Plaintiff argues that the Court should alter or amend its previously issued judgment dismissing her claims to correct clear error of law and prevent manifest injustice. See Record Document 43-14 at 8. Plaintiff also argues that discovery should be re-opened to allow her to retake the depositions of Tracie Broussard ("Broussard") and Rebecca Williams ("Williams") concerning certain material facts. See id. at 10. In support of her request, Plaintiff has submitted a declaration wherein she states that on March 11, 2020, she received an unsolicited telephone call from Broussard, who told Plaintiff that she lied in her deposition when she testified that she did not know about the use of sexual or racial language in the receiving room by members of the loading teams. See Record Document 43-2 at ¶¶ 3-6. Plaintiff also states that she received a telephone call from Williams in March 2020, who told Plaintiff that she was aware of written

forms used by Plaintiff and Jeremiah Elzie to report the use of racial language by workers in the back of the store.  See id. at ¶ 13.[1]

Plaintiff's request to reopen discovery is **DENIED**.  The Court's analysis of Plaintiff's claim for race discrimination related to her termination focused on the inability of Plaintiff to establish a prima face case or provide evidence that Walmart's reason for her termination was pretextual.[2]  The Court found that Plaintiff was not similarly situated to her comparators ("the unloaders") because she was not treated differently under nearly identical circumstances due to her status as a manager and her disciplinary record.  In reaching this decision, the Court noted that members of management were aware of the unloaders' use of inappropriate racial and sexual language.  As such, even if the Court assumes that Broussard was untruthful in her prior testimony regarding her own personal knowledge of the use of inappropriate language by the unloaders, it would not change the Court's analysis of this claim.  For the same reason, additional testimony by Williams regarding paper disciplinary forms concerning inappropriate language used by the unloaders is unnecessary.[3]

---

[1] Plaintiff also suggests in her brief that Broussard was ultimately terminated from Walmart for allegedly having an inappropriate relationship with a subordinate black employee.  The Court previously reviewed in camera certain documents concerning this matter and noted in its prior ruling that the documents did not affect the Court's analysis of Plaintiff's claims.

[2] Plaintiff did not address her claim for discrimination related to her termination on the basis of her sex in her opposition to summary judgment.  Without opposition, the Court dismissed the claim.  Plaintiff's recent motion argues that a white male was chosen to replace her, which would establish a prima facie case of sex discrimination.  This argument is untimely and was waived by a lack of opposition to the original summary judgment motion.

[3] In support of her motion, Plaintiff also presents the Court with a declaration by Jean Roberson, who states that he was an employee in the receiving room and witnessed the use of inappropriate language by the unloaders.  See Record Document 43-7.  Roberson's declaration is untimely at this juncture and should have been submitted in support of Plaintiff's opposition to Walmart's motion for summary judgment.  However, even if the Court considered the affidavit it would not affect the Court's ruling.

As for Plaintiff's argument that the Court should alter its judgment because it committed errors of law when considering the remainder of Plaintiff's claims, the Court respectfully disagrees with this assessment. Plaintiff's motion to alter the judgment relies on arguments that were already raised in her opposition to summary judgment. While the Plaintiff's disappointment with the Court's ruling is understandable, it is insufficient to warrant relief under Rule 59(e).

Based on the foregoing reasons, Plaintiff's "Motion to Reconsider Summary Judgment FRCP Rule 59(e) and Rule 60(b) and Motion to Re-open Discovery" (Record Document 43) is hereby **DENIED**.[4]

**THUS DONE AND SIGNED**, this 9th day of June, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff also filed a Motion to Strike the affidavit of attorney Stephen Beiser, which was attached to Walmart's opposition brief. See Record Document 51. Because the Court did not consider Mr. Beiser's affidavit in its analysis, Plaintiff's motion to strike is **DENIED AS MOOT**.