UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

STACY PATRICK                                          CIVIL ACTION NO. 18-0738

VERSUS                                                 JUDGE DONALD E. WALTER

WALMART, INC.                                          MAGISTRATE JUDGE HAYES

---

**MEMORANDUM ORDER**

Before the Court is an unopposed Motion to Review Assessment of Costs filed by the plaintiff, Stacy Patrick ("Patrick"). See Record Document 61. Specifically, Patrick challenges the taxation of costs issued by the Clerk of Court on July 27, 2020. See Record Document 60. Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, costs were reviewed and taxed for the defendant, Walmart, Inc. ("Walmart"), for fees of the court reporter and related expenses. See Record Document 55. In the Motion to Review, Patrick argues that (1) the application for costs was filed untimely, (2) the award of costs will cause a financial hardship with the Covid-19 pandemic, and (3) the assessment of shipping and handling fees was inappropriate.[1] See Record Document 61.

Patrick filed suit against Walmart, alleging, inter alia, discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964. See Record Document 1. On February 24, 2020, this Court granted Walmart's motion for summary judgment and dismissed all of Patrick's

---

[1] Although Patrick contends that shipping and handling charges were assessed in the amount of $150, a review of the bill of costs appears to indicate that the actual shipping and handling charges totaled $14.58. See Record Document 59.

claims against Walmart with prejudice.[2] See Record Documents 41-42. Patrick filed a motion for reconsideration of the ruling, which was denied on June 9, 2020. See Record Documents 43 and 57. Subsequently, on July 17, 2020, Walmart filed a Bill of Costs, seeking to recover $3,604.93 in costs associated with fees of the court reporter. See Record Document 59. Patrick did not file an objection to the Bill of Costs. On July 27, 2020, the Clerk of Court taxed the amount requested by Walmart against Patrick. See Record Document 60. Patrick then filed the instant motion, requesting that this Court review the Clerk's taxation of costs. See Record Document 61. Notably, Walmart did not oppose the motion for review.

Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Walmart is the prevailing party in this case because the court ultimately granted its motion for summary judgment and dismissed Patrick's claims against Walmart with prejudice.

District courts have discretion in determining whether to award costs in favor of the prevailing party. See Energy Mgmt. Corp. v. City of Shreveport, 467 F.3d 471, 483 (5th Cir. 2006). The Fifth Circuit has identified the following circumstances which, if present, may justify denial of costs to the prevailing party: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred on the public; and (5) the prevailing party's enormous financial resources. See Pacheco v. Mineta, 448 F.3d 783, 793 (5th Cir. 2006) (internal citations omitted). An additional factor to

---

[2] This judgment is presently on appeal to the Court of Appeals for the Fifth Circuit. See Record Document 58.

consider is whether "the losing party prosecuted the action in good faith," but good faith cannot be the sole reason for denying costs to the prevailing party. Id. at 794. In addition, the Fifth Circuit has held that reducing or eliminating costs to the prevailing party based on the prevailing party's wealth is impermissible. See Moore v. CITGO Refining & Chems. Co., 735 F.3d 309, 320 ("[T]he fact that the prevailing party is substantially more wealthy than the losing party is not a sufficient ground for denying or limiting costs to the prevailing party." (quoting In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 468 (3d Cir. 2000)). Additionally, Local Rule 54.3 of the Western District of Louisiana addressing Memorandum of Costs provides:

> Within 30 days after receiving notice of entry of judgment, unless otherwise ordered by the court, the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating that the items are correct and that the costs have been necessarily incurred.

Patrick correctly notes that Walmart's application for costs was filed on July 17, more than thirty days after the entry of final judgment on June 9, 2020. Therefore, Walmart's Bill of Costs was untimely and should be denied on this basis alone. In addition, however, though the Court is cognizant that it is inappropriate to consider Walmart's wealth in relation to Patrick's limited resources, the application of the Pacheco factors also results in a finding, as related to these specific facts, that costs should not be awarded to Walmart. Patrick has limited resources, the case presented close and difficult legal issues, and Patrick's claims were brought in good faith.[3] Therefore, for these reasons, the Court declines to award costs to Walmart.

---

[3] The Fifth Circuit has also declined to deny costs based on a "chilling effect" on future civil rights plaintiffs, despite the argument to the contrary made by Patrick. See Perez v. Pasadena Indep. Sch. Dist., 165 F.3d 368, 374 (5th Cir. 1999).

Accordingly,

**IT IS ORDERED** that the Motion to Review (Record Document 61) filed by the plaintiff is **GRANTED** and no costs will be awarded to Walmart.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 14th day of September, 2020.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE